UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIGNATURE MANAGEMENT TEAM, LLC,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

Case No. 13-cv-
Hon.

## COMPLAINT

Plaintiff, SIGNATURE MANAGEMENT TEAM, LLC ("TEAM"), for its Complaint, states as follows:

1. Plaintiff TEAM is a Nevada limited liability company with its principal place of business in Genesee County, Michigan.

2. Upon information and belief, Defendant JOHN DOE is an individual, of unknown domicile and unknown citizenship, who operates an internet blog site under the anonymous moniker "Amthrax" ("DOE").

## JURISDICTION AND VENUE

3. This action states claims under the Copyright Act, 17 USC §101, et seq. This Court has exclusive jurisdiction pursuant to 28 USC §1331 and §1338(a).

4. Venue is proper in this judicial district pursuant to 28 USC §1400(a) based upon DOE's purposeful availment of the State of Michigan through his/her intentional and repeated acts and use of an Internet website which were expressly aimed to cause harm to Team, and the

business, owners and significant members of Team, all of which are principally located, and known by DOE to be principally located, in the State of Michigan and this judicial district.

## BACKGROUND FACTS

5. TEAM is the copyright owner of the original work entitled "The Team Builder's Textbook" including its 4th Edition (the "Work").

6. TEAM registered its copyrights in the Work as shown by the Registration Certificate attached as Exhibit A. The Work was registered on February 11, 2013 and bears U.S. Reg. No. TX 7-640-660 (the "Registration").

7. The Work was first published in 2006 and is now in its 9th edition. Over 100,000 copies of the Work have been sold to date.

8. DOE operates an Internet blog found at http://amthrax.wordpress.com/ (the "Amthrax Blog"). The Amthrax Blog has been in operation for many years and, upon information and belief, was created by DOE and, upon further information and belief, was created in approximately 2008. The Blog is hosted by Internet service provider, Automattic, Inc.

9. Upon information and belief, at the time of the creation of the Amthrax Blog, or subsequently, DOE provided to Automattic information identifying him/herself including, but not limited to the actual name of DOE, his/her residence address, his/her email address(es) and payment information such as credit card account numbers.

10. Since its inception, the Amthrax Blog has been dedicated, in substantial part, to attacking TEAM and the business it conducts. The Amthrax Blog also attacks the individual members of the management of TEAM and related companies. Posts on the Amthrax Blog have, among other things, accused TEAM and its managers and members of unethical, misleading and illegal business practices.

11. Upon information and belief, all of the posts to the Amthrax Blog identified there as being posted by Amthrax were in fact posted by the single individual DOE.

12. Upon information and belief, DOE is or was at one time a member of Amway.

13. Upon information and belief, DOE and/or the Amthrax Blog are or may be affiliated with or sponsored, financially or otherwise by, one or more competitors of TEAM and/or its associated company, Living Intentionally For Excellence, LLLP.

## THE INFRINGEMENT

14. In January 2013, DOE posted a complete and verbatim copy of the Work, in its 4th Edition, on the Amthrax Blog at the location *http://amthrax.files.wordpress.com/2013/01/sample-sp-02-original.pdf*.

15. Automattic is the "service provider" of the Amthrax Blog, as that term is defined by Section (k) of the Digital Millennium Copyright Act of 1988 ("DMCA").

16. On February 8, 2013, TEAM issued to Automattic a DMCA take-down notice pursuant to DMCA §512(c)(3)(A) demanding that Automattic remove from the Amthrax Blog the infringing copy of the Work.

17. On February 8, 2013, TEAM also submitted to the US District Court in the judicial district where Automattic was located, a DMCA subpoena in full compliance with the requirements of the DMCA (the "DMCA subpoena"). The US District Court issued the DMCA subpoena on February 11, 2013 and the DMCA subpoena was served on Automattic on February 11, 2013. The DMCA subpoena required Automattic to produce to TEAM by February 15, 2013, information revealing the identity of the copyright infringer, DOE.

18. Upon information and belief, Automattic provided a copy of the DMCA subpoena to DOE on or before February 14, 2013.

19. Acting under the direction of DOE, Automattic did not comply with the DMCA take-down notice to remove the Work from the Amthrax Blog until late February 20 or early February 21, 2013.

20. Automattic did not produce information identifying DOE by the February 15, 2013 subpoena response date as required but, acting under the direction of DOE, instead filed objections to the DMCA subpoena on or about February 25, 2013.

21. While Automattic's objections to the DMCA subpoena were pending and unresolved, DOE, remaining anonymous and acting through counsel, filed a Motion to Quash the DMCA subpoena on March 8, 2013.

22. The court heard oral argument on DOE' Motion to Quash on April 19, 2013 and issued an Order Denying DOE's Motion to Quash on April 22, 2013. Pursuant to the Order Denying the Motion to Quash, Automattic was ordered to comply with the DMCA subpoena.

23. On May 7, 2013, Automattic produced to TEAM an email address for DOE and the IP address from which the Amthrax Blog was ostensibly created in approximately 2007. No other identifying information of DOE was produced at that time.

24. TEAM was not satisfied with Automattic' response to the DMCA subpoena and demanded better identifying information regarding DOE. On or about June 21, 2013, Automattic produced to TEAM 279 IP addresses ostensibly used by DOE from 2008 to 2013. The IP addresses were listed in numeric order without any information associating a particular IP address with its date of use.

25. TEAM was not satisfied with Automattic's supplemental response to the DMCA subpoena and demanded better identifying information regarding DOE. On or about

June 28, 2013, Automattic identified to TEAM three IP addresses that were ostensibly used by Amthrax in 2013.

26. Despite its best efforts, including expert forensic research conducted at TEAM's direction and expense, TEAM has not been able to identify DOE from any of the "identifying information" produced by Automattic.

27. Because it has been unable to identify DOE as contemplated by the DMCA and the DMCA subpoena process, TEAM must file this copyright infringement action against a John Doe defendant.

## COUNT I
## COPYRIGHT INFRINGEMENT

28. TEAM incorporates all prior allegations by this reference.

29. TEAM owns the copyrights in the Work and owns the Registration.

30. The Work contains expressive elements which are original and creative to TEAM and which are copyrightable.

31. DOE obtained access to the Work.

32. DOE copied the Work without TEAM's permission and posted it for others to download and likely further copy, post and disseminate.

33. Upon information and belief, and based upon DOE' substantial efforts and strong desire to remain anonymous so it can continue to attack and cause damage to TEAM, its management and members, the past copying of the Work by DOE was willful and deliberate and is likely to occur again.

34. TEAM has been irreparably harmed due to DOE's copying, likelihood of future copying and the likelihood that others have downloaded and further copied the Work.

35. TEAM is entitled to and seeks equitable relief, including preliminary and permanent injunctions, as such may be awarded under 17 USC §502, to prohibit future infringement of the Work.

36. Preliminary and permanent injunctive relief is necessary because DOE is likely to infringe TEAM's copyrights in the Work in the future and an award of only monetary damages for such future infringement would constitute a forced license from TEAM to DOE and would be inadequate to fully compensate TEAM for such infringement.

37. DOE would not be harmed by injunctive relief prohibiting future infringement of the Work and the interests of the public would be served by injunctive relief prohibiting copyright infringement.

38. TEAM claims its reasonable attorneys' fees under 17 USC §505.

39. TEAM does not seek either actual or statutory money damages.

## RELIEF REQUESTED

WHEREFORE, TEAM requests that judgment be entered in its favor and against DOE in the following manner:

A. A judgment finding that DOE has infringed TEAM's copyright in the Work by copying and posting it to the Amthrax Blog during the period of approximately early January 2013 through approximately February 21, 2013.

B. A preliminary and permanent injunction identifying DOE and ordering DOE, his/her employees, agents and those acting in concert with DOE, to cease all copying, display, or other infringing use of the Work and/or any works derivative of the Work.

C. An order impounding and destroying all copies of the Work retained by DOE which remain in the possession or under the control of DOE, his/her employees, agents and those acting in concert with DOE, including any works derivative of the Work.

D. A signed and notarized verification from DOE that neither he/she, nor his/her employees, agents and those acting in concert with DOE, retain copies of the Work or works derivative of the Work.

E. A finding that this is an exceptional case under the Copyright Act and an award of attorneys' fees to TEAM pursuant to 17 USC §505.

F. An award to TEAM of the costs of this action.

G. Such other relief as the Court deems just.

        Respectfully submitted,

        **KERR, RUSSELL AND WEBER, PLC**

        By: */s/Robert J. Pineau*
           Joanne Geha Swanson (P33594)
           Robert J. Pineau (P39386)
        Attorneys for Plaintiff
        500 Woodward Avenue, Suite 2500
        Detroit, MI  48226
        (313) 961-0200
        jswanson@kerr-russell.com

Dated:  September 19, 2013        rpineau@kerr-russell.com