UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIGNATURE MANAGEMENT
TEAM, LLC,

        Plaintiff,    Case No. 5:13-14005

v.    Honorable Judith E. Levy

JOHN DOE,

        Defendant.

ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER [57]
AND GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
<u>INJUNCTIVE RELIEF [62]</u>

On May 19, 2016, defendant's motion for summary judgment was denied, and the parties were notified that the Court was inclined to enter summary judgment in favor of plaintiff. (Dkt. 56.) Defendant was also ordered "to destroy all copies in all formats and media of the Work still in his possession and provide suitable confirmation to plaintiff that he has done so." (*Id.* at 26-26.)[1] The parties were given an opportunity to submit supplemental briefing, and this yielded

---

[1] The Order contained an obvious error and mistakenly indicated that plaintiff was to destroy the Work, when it should have said that defendant was to destroy the copies.

{36283/2/D1013959.DOCX;2}

defendant's Motion to Reconsider (Dkt. 57) and plaintiff's Supplemental Brief Requesting Summary Judgment and Injunctive Relief. (Dkt. 62.) For the reasons provided below, defendant's motion is denied, and plaintiff's motion is granted in part and denied in part.

Defendant provided a declaration from Doe that he deleted the copy of the Work on his computer and no longer possesses any copy of this in either electronic or any other format. (Dkt. 58 at 2.) Defendant also attaches a declaration from his attorney, Joshua Koltun, indicating that the attorney has retained a copy of the Work in various editions, but that he retains them solely for purposes of his representation of Doe and has no intention to make or distribute other copies. (Dkt. 59 at 2-3.) Defendant asserts that the copies retained by his counsel should be exempted from the order because fair use and the doctrine of first sale apply to the copies in counsel's possession. (Dkt. 57 at 10-12.) Plaintiff does not challenge these assertions, and the Court agrees with defendant that there is no reason to require his counsel to destroy his copies of the Work. Indeed, the Court never suggested that anyone but defendant would need to comply with the order to destroy any copies of the Work. Therefore, since defendant seeks reconsideration of the

imposition of injunctive relief not contemplated by the Court, and defendant has demonstrated compliance with the proposed injunctive order, defendant's motion is DENIED as moot.

Plaintiff asserts that summary judgment should be entered in its favor and that Doe's identity must be unmasked in order to vindicate plaintiff's rights and ensure no future infringement. (Dkt. 62.) In denying defendant's motion for summary judgment, the Court found that summary judgment in favor of plaintiff was warranted, but reasoned that unmasking defendant's identity was unnecessary to ensure that defendant would not engage in future infringement of the Work. (Dkt. 56 at 25-27.) Plaintiff provides no new argument in its recent filing to explain why it would be necessary to unmask Doe in order to ensure compliance with an order to destroy all copies in all formats and media of the Work in his possession. This is particularly so given that defendant has already declared to the Court that he has complied with the proposed injunctive relief.

This lawsuit was brought to vindicate plaintiff's rights under the Copyright Act, 17 U.S.C. § 101, *et seq.*, regarding defendant's unlawful distribution of the Fourth Edition of the Work. (Dkt. 1 at 3-6.) Plaintiff

now receives summary judgment in its favor and relief in the form of the destruction of all copies of the Work retained by Doe. Because defendant has already documented to the Court's satisfaction that he has destroyed all copies of the Work that were in his possession, no further injunctive relief is necessary.

Plaintiff's Motion for Summary Judgment is GRANTED. Plaintiff's motion for further injunctive relief is DENIED.

IT IS SO ORDERED.

Dated: July 22, 2016　　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

　　The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 22, 2016.

　　　　　　　　　　　　　　　　　　s/Felicia M. Moses
　　　　　　　　　　　　　　　　　　FELICIA M. MOSES
　　　　　　　　　　　　　　　　　　Case Manager