EXHIBIT 22

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIGNATURE MANAGEMENT
TEAM, LLC

               Plaintiff,              Case No.  4:13-cv-14005

v.

                                     Honorable Judith E. Levy

JOHN DOE,                         Mag. Judge David R. Grand

               Defendant.

---

**PLAINTIFF'S SUPPLEMENTAL BRIEF**
**<u>REQUESTING SUMMARY JUDGMENT AND INJUNCTIVE RELIEF</u>**

*FILED UNDER SEAL*
*PURSUANT TO THE PROTECTIVE ORDER [DKT. 51]*
*ENTERED NOVEMBER 30, 2015*

{36283/2/D1065754.DOC;1}

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................... iii

CONCISE STATEMENT OF ISSUES PRESENTED ............................................. v

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. vi

INTRODUCTION ................................................................................... 1

SUPPLEMENTAL STATEMENT OF FACTS ............................................. 2

    A.    Doe Did Not Immediately Remove the Work ................................... 2

    B.    Doe Admits That Amthrax Has Operated From Hundreds of IP Addresses ................................................................................. 3

    C.    Doe Admits Animus Toward Team and Its Leaders ........................... 5

    D.    Doe's Infringing Acts Have Not Been Remedied ............................... 5

    E.    Doe Has a Propensity to Infringe ................................................. 6

    F.    Doe's Blog Provides Commercial Benefit to Doe .............................. 7

    G.    Doe Implores This Court to Allow Him to Retain Copies of the Work He Infringed. ................................................................... 7

ARGUMENT ......................................................................................... 8

I.    Summary Judgment and Injunctive Relief Should Be Entered For Team ................................................................................................ 8

    A.    Because Team Has Met the Summary Judgment Standard, Judgment Must Be Entered for Team ..................................... 8

        1.    Doe's Fair Use Defense Fails As A Matter Of Law Under The Law Of The Case Doctrine ................................... 9

        2.    The Copyright Misuse Defense Fails As A Matter Of Law Under The Law Of The Case Doctrine ........................... 10

3.      As A Matter Of Law, Doe Infringed Team's Copyright ..........11

B.    Team is Entitled to Injunctive Relief. ..................................................11

C.    The Injunction Should Specifically Issue Against Doe in his
True Name so (1) the Seriousness of the Order will be
Impressed Upon Doe, and (2) Team Can Monitor and Enforce
Doe's Compliance. ............................................................................15

CONCLUSION ......................................................................................20

# <u>TABLE OF AUTHORITIES</u>

## Cases

*ABKCO Music, Inc. v. Washington*,
   No. 11-10763, 2011 WL 4953078 (E.D. Mich. Oct. 18, 2011) ..........................14

*Arista Records LLC v. Doe*,
   551 F. Supp. 2d 1 (D.D.C. 2008) .........................................................................17

*Bridgeport Music, Inc. v. Justin Combs Publishing*,
   507 F3d 470 (6th Cir. 2007) ....................................................................... 11, 15

*Broadster Music, Inc. v. Diamond Investments, Inc.*,
   2013 WL 1681151 (S.D. Ind. April 17, 2013) ....................................................11

*Broadster Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*,
   555 F. Supp. 2d 537 (E.D. Pa. 2008) ....................................................................11

*Call of the Wild Movie, LLC v. Does 1-1,062*,
   770 F. Supp. 2d 332 (D.D.C. 2011) .....................................................................17

*Dama S.p.A v. John Does 1-35*,
   113 F. Supp. 3d 686 (S.D.N.Y. June 24, 2015) ...................................................15

*First Time Videos, LLC v. Doe*,
   276 F.R.D. 241 (N.D. Ill. 2011) ...........................................................................17

*Hanley-Wood LLC v. Hanley Wood LLC*,
   783 F. Supp. 2d 147 (D.D.C. 2011) .....................................................................11

*Hard Drive Prods. v. Does 1-1,495*,
   892 F. Supp. 2d 334 (D.D.C. 2012) .....................................................................17

*Harper & Row Publishers, Inc. v. Nation Enters.*,
   471 U.S. 539, 105 S. Ct. 2218, 85 L. Ed. 2d 588 (1985) ....................................17

*Joel v. Various John Does*,
   499 F. Supp. 791 (E.D. Wis. 1980) ......................................................................15

*Microsoft Corp. v. Compusource Distributors, Inc.*,
   115 F. Supp. 2d 800 (E.D. Mich. 2000) ...............................................................10

*Microsoft Corp. v. John Does 1-8*,
   No. 1:14-CV-811, 2015 WL 4937441 (E.D. Va. Aug. 17, 2015).......................15

*Paramount Pictures Corp. v. Hopkins*,
   No. 507-CV-593 FJS/GJD, 2008 WL 314541 (N.D.N.Y. Feb. 4, 2008)............11

*Signature Management Team, LLC v. Automattic, Inc.*,
   941 F. Supp. 2d 1145 (N.D. Cal. 2013) ................................................................4

*Sony Music Entm't Inc. v. Does 1 - 40*,
   326 F. Supp. 2d 556 (S.D.N.Y. 2004)..................................................................17

*Vision Films Inc. v. Does 1-41*,
   No. 3:13-CV-128, 2013 WL 5943941 (E.D. Tenn. Nov. 5, 2013) ......................17

*Westside Mothers v. Olszewski*,
   454 F.3d 532 (6th Cir. 2006) ........................................................................ 10, 11

## Statutes

17 USC §§502 ..............................................................................................................11

17 USC §503 ..............................................................................................................11

## Rules

Fed. R. Civ. P. 56(c)..............................................................................................8, 11

Fed. R. Civ. P. 56(f) ..............................................................................................9, 11

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

1.      Is Team entitled to summary judgment on its copyright infringement claim where this Court has conclusively determined that:   (a) Doe infringed Team's copyright by posting a verbatim copy of Team's entire Work on his website; and (b) Doe's fair use and copyright misuse defenses fail as a matter of law?

2.      Is Team entitled to a permanent injunction enjoining Doe from engaging in future acts of infringement and compelling Doe to destroy all copies of the Work in his possession?

3.      Given:  (a) this Court's determination that Doe has infringed Team's copyright and has no fair use or copyright misuse defenses, and (b) the impossibility of monitoring compliance with and enforcing an injunction against an anonymous person, must the injunction to which Team is entitled identify Doe by name?

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Westside Mothers v. Olszewski*, 454 F.3d 532 (6th Cir. 2006)

*ABKCO Music, Inc. v. Washington*, No. 11-10763, 2011 WL 4953078 (E.D. Mich. Oct. 18, 2011)

*Joel v. Various John Does*, 499 F. Supp. 791 (E.D. Wis. 1980)

*Art of Living Foundation v. Does 1-10*, No. 10-cv-05022, 2011 WL 5444622 (N.D. Cal. Jan. 5, 2015)

*Arista Records LLC v. Doe*, 551 F. Supp. 2d 1  (D.D.C. 2008)

Fed. R. Civ. P. 56(c)

Fed. R. Civ. P. 56(f)

## INTRODUCTION

On May 19, 2016, this Court issued a 28-page Opinion and Order Denying Defendant John Doe's ("Doe") Motion for Summary Judgment. Dkt. 56. After it analyzed in detail each of Plaintiff, Signature Management Team, LLC's ("Team") claims and Doe's defenses, this Court found it undisputed that Doe posted the entire copyright-protected Work in such a manner that anyone could download a complete copy of the Work. Dkt. 56 at 10. The Court also rejected, as a matter of law, Doe's defenses of fair use and copyright misuse, stating: "defendant's publication of plaintiff's copyright material does not constitute fair use under 17 U.S.C. § 107. Defendant's copyright misuse defense is neither established law in the Sixth Circuit nor properly supported by evidence if it were established law." Dkt. 56 at 7; *see also* Dkt. 56 at 27 ("defendant cannot demonstrate that his posting of a full copy of plaintiff's copyrighted material was fair use as defined by 17 U.S.C. § 107 and the controlling case law. Defendant's attempt to apply a 'copyright misuse' defense is also unavailing").

After rejecting Doe's proffered affirmative defenses and denying Doe's motion for summary judgment, this Court indicated its belief that summary judgment is warranted in Team's favor. Dkt. 56 at 27. Accordingly, the Court requested supplemental briefs "regarding the potential entry of summary judgment

1

in favor of plaintiff on its infringement claim and corresponding injunctive relief." Dkt. 56 at 28.

## SUPPLEMENTAL STATEMENT OF FACTS

Team incorporates by reference the factual statement set forth in its Response to Defendant John Doe's Motion for Summary Judgment. Dkt. 54, filed under seal. In addition, Team offers the following facts to inform the Court's analysis of the injunction issue.

### A.   Doe Did Not Immediately Remove the Work.

This Court has held that Defendant John Doe infringed a copyright registered to Team by providing a free copy of the *The Team Builder's Textbook* (the "Work") on his public website, the "Amthrax Blog." Doe admits to taking an unauthorized digital copy of the Work after finding it on another website. Dkt. 54-3, Doe Tr. at 23; Dkt. 4, Answer to Complaint, ¶ 14. Doe posted the unauthorized copies of the Work on the Amthrax Blog in two places: the "December 2012 Page" (Dkt. 54-9), and the "January 2013 Page" (Dkt. 54-6). The links on these pages distributed a free copy of the Work to the public during the period of December 4, 2012 – February 22, 2013. Dkt. 54-3, Doe Tr. at 18-19, 24.

Doe admits that on February 8, 2013, Team issued a take-down notice pursuant to § 512(c)(3)(A) of the Digital Millennium Copyright Act (the "DMCA") to Automattic, the Internet host for Doe's Amthrax Blog. Through the

DMCA notice, Team demanded that Automattic and Doe remove the infringing copy of the Work from the Amthrax Blog. See Dkt. 4, Answer, ¶ 16.[1] Automattic and Doe did not immediately comply with the notice. Instead, Doe simply changed the link on his blog so that it would provide users with another copy of the Work hosted on a different website. Dkt. 54-3, Doe Tr. 17-19. He admits that he did not attempt to remove the link to the Work from his blog until February 19, 2013, and that it was not actually deleted from the site until February 21 or 22, 2013 (see Dkt. 4, Answer, ¶ 19; Dkt. 54-3, Doe Tr. at 18-19, 24), nearly two weeks after the original notice was issued.

### B. Doe Admits That Amthrax Has Operated From Hundreds of IP Addresses

On February 8, 2013, Team issued a subpoena from the Northern District of California pursuant to the DMCA seeking the identity of John Doe for the purpose of commencing this action. (Subpoena, **Exhibit 1**). Instead of producing the information in a timely manner, Automattic filed objections to the subpoena on February 25, 2013 (Objections, **Exhibit 2**), and on March 8, 2013, Doe appeared anonymously and moved to quash the subpoena (Motion to Quash, **Exhibit 3**). Following briefing and oral argument on many of the same anonymity arguments that were made to this Court in the context of Team's motion to compel, the

---

[1] Although he admits in his Answer that the DMCA notice was issued on February 8, 2013, Doe testified that his Internet provider did not give it to him until February 16, 2016. **Exhibit 5,** Doe Dep. Tr. at 195-196.

magistrate judge denied the motion to quash the subpoena. *See Signature Management Team, LLC v. Automattic, Inc.*, 941 F. Supp. 2d 1145 (N.D. Cal. 2013) (attached as **Exhibit 4**). Specifically rejecting Doe's First Amendment defense to revealing his identity, the court ordered Automattic to comply with the subpoena. *Id.* at 1156-59.

Automattic contended that it never requested an actual name from John Doe when he registered with Automattic to create the Amthrax Blog, and it instead produced an email address and 279 undated and unorganized IP addresses that Doe had used for his blog from 2008 to 2013, as Doe admits. Dkt. 4, Answer, ¶¶ 23-24. Despite expending substantial amounts of time and money to have forensic experts analyze the data, Team was unable to identify Doe from the information provided. Doe's activities reflect the lengths to which Doe has gone to avoid detection.

### C.    Doe Admits he Would Not Have Infringed Under his Real Name

It is undisputed that Doe posted a copy of Team's copyright-protected work on the Internet for anyone to copy. *See* Dkt. 56 at 2, 10. Even more damning, Doe admits that he would have been less likely to commit the infringement if his real name would have been revealed as the individual who posted Work:

> Q:    Do you believe sitting here today you would have posted a copy of someone else's book on your blog if your name was attached to it, [real name omitted]?
>
> A:    I don't know what I would have done. I may or may not. If I knew what might happen, then maybe I wouldn't have done that.

**Exhibit 5**, Doe Dep. Tr. at 194-195.

### D.    Doe Admits Animus Toward Team and Its Leaders

Doe and the Amthrax Blog focus on only Team, LIFE (a direct sales company) and Orrin Woodward (co-author of the Work).  Dkt. 54-3, Doe Tr. at 107-109, 116.  See also Dkt. 54-6 and 54-7 (the topic links of the blog focus only on Team and LIFE).  Doe admits that his goal in operating the Amthrax Blog is to drive members away from Team and LIFE.  Dkt. 54-3, Doe Tr. at 157; Dkt 54-6. Doe is not just critical of Team, LIFE, and Woodward, he launches personal attacks with hatred and vengeance and seeks to negatively impact their business. See, for example, Dkt. 54-16 (entire article regarding Woodward being late for a conference call) and Dkt. 54-17 (entire article regarding a prominent Team leader who failed to timely pay his property taxes).  Even Doe's confidants see the "anger, pain and even borderline hate" that Doe has for Woodward. Dkt. 54-16.  Doe does not deny his hatred of Woodward.  *Id.*

### E.    Doe's Infringing Acts Have Not Been Remedied

Doe has not remedied his infringing acts.  He made no apparent attempt to track or determine who downloaded the Work from the Blog, how many times the Work was downloaded, or how many copies were made.  Dkt. 54-3, Doe Tr. at 130-131.  These were digital copies that were easy for Amthrax readers to further copy and distribute.  Doe has no idea what his readers did with those digital copies.

*Id*.  He does not know how many more copies were made or what, if any, income they generated.  *Id*.  Doe admits that his free copies of the Work negatively affect the market for the fourth edition.  Dkt. 54-3, Doe Tr. at 190.[2]  But Doe's testimony makes it clear that he simply doesn't care what damage he did or allowed to occur. *Id*. at 130-131.

### F.    Doe Has a Propensity to Infringe

The Work is not the only copyrighted material of Team or LIFE that Doe has copied and distributed without permission.  Doe also wrongfully posted a variety of internal documents from LIFE and Team and, as recently as November 2015, entire pages from the LIFE Internet site (that clearly bear copyright notices). Dkt. 54-24 and 54-25; Dkt. 54-3, Doe Tr. at 204-205, 213-214.  Doe tried to hide from Team and LIFE the means to determine the source and method by which these documents were obtained (Dkt. 54-26, 54-27 and 54-28; Dkt. 54-3, Doe Tr. at 207-211, 214) thus exhibiting willfulness and an intent to continue his infringing activities.  Indeed, Doe admits that he might not have posted the Work if he could not do so anonymously.  **Exhibit 5**, Doe Dep. Tr. at 194-195.

---

[2]  Further, since Doe agrees that earlier editions are effective substitutes for the current edition, it follows that his free copies of the Book negatively affect the market for the current edition.  *See* Dkt. 54-3, Doe Tr. at 175-178; Dkt. 54-6 (at Jan 19, 2013, 12:23 a.m., comment of MemoryLane).

### G.     Doe's Blog Provides Commercial Benefit to Doe

When Doe created the Amthrax Blog on the WordPress platform, rather than pay for WordPress' blog hosting, he chose the platform option that generates ad revenue for WordPress and allows Doe to avoid hosting charges.  Dkt. 54-10.  The December 2012 Page and January 2013 Page each included a revenue-generating ad.  *See* Dkt. 54-6, 54-7 and 54-8.  The ads were running in 2012 and 2013 and still run today.  Dkt. 54-3, Doe Tr. at 161-162.  Thus, Doe financially benefits from these ads as they pay for the Amthrax platform.

### H.     Doe Implores This Court to Allow Him to Retain Copies of the Work He Infringed

On June 1, 2016, Doe filed a Motion for Reconsideration, focusing solely on the Court's stated inclination to grant injunctive relief requiring Doe to destroy copies of the Work in his possession.  Dkt. 57.  So desperate is Doe to retain possession of the infringed copyright-protected Work, his motion to reconsider did not focus on the Court's liability findings or order, but on the Court's stated *inclination* to issue an injunction compelling him to destroy his copies of the Work.  Only in passing does Doe address whether he should be enjoined from further infringement or whether he should be permitted to remain anonymous.

## ARGUMENT

I.   **Summary Judgment and Injunctive Relief Should Be Entered For Team**

Pursuant to the direction of the Court, Team submits this supplemental brief seeking summary judgment and injunctive relief.  Given the findings in this Court's May 19, 2016 Order, no genuine issues of material fact remain and the law of the case dictates that summary judgment be granted in Team's favor. Accordingly, Team respectfully requests that this Court grant summary judgment on its claim that Doe infringed Team's copyright, enjoin Doe from further infringement of Team's copyrighted materials, and compel Doe to destroy all copies of the infringed Work in his possession.  Further, for Team to monitor and enforce Doe's compliance with the injunction, the injunction must issue against Doe under his full legal name instead of the false pseudonym, "John Doe."  At this juncture, there is no legal basis for permitting Doe, an adjudicated copyright infringer, to remain anonymous.

A.   **Because Team Has Met the Summary Judgment Standard, Judgment Must Be Entered for Team**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(f) permits the Court to enter summary judgment in favor of a nonmovant after giving notice and a reasonable time to respond. This Court has already held that Doe infringed Team's copyright and that Doe's fair use and misuse defenses fail as a matter of law. Therefore, as this Court contemplated in its May 19 Order, summary judgment for Team is required.

### 1.     Doe's Fair Use Defense Fails as a Matter of Law Under the Law of the Case Doctrine

The merits of Doe's fair use defense were fully briefed by the parties in conjunction with Doe's Motion for Summary Judgment. *See* Dkt. 25, 54, 55. In its May 19, 2016 Order Denying Defendant's Motion for Summary Judgment, this Court fully considered Doe's fair use defense, including an analysis of each of the statutory fair use factors. Dkt. 56 at 8-17. Following its thorough analysis, this Court found, as a matter of law, that Doe "cannot demonstrate that his posting of a full copy of plaintiff's copyrighted material was a fair use as defined by 17 U.S.C. § 107 and the applicable case law." Dkt. 56 at 27.

Under the law of the case doctrine, this Court's rejection of Doe's fair use defense is dispositive. "The law of the case doctrine provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in the subsequent stages in the same case. The doctrine precludes a court from reconsideration of issues decided at an early stage of the litigation, whether

explicitly or by necessary inference from disposition." *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006) (citations omitted). Accordingly, under the law of the case doctrine, this Court's prior rejection of Doe's fair use defense is determinative.

> ### 2. The Copyright Misuse Defense Fails as a Matter of Law Under the Law of the Case Doctrine

As recognized by this Court, the Sixth Circuit has neither accepted nor rejected the copyright misuse defense. Doc. No. 56 at p. 17; *Microsoft Corp v. Compusource Distributors, Inc.*, 115 F. Supp. 2d 800, 810 (E.D. Mich. 2000). The merits of Doe's copyright misuse defense were fully briefed by the parties in conjunction with Doe's Motion for Summary Judgment. *See* Dkt. 25, 54 and 55. In its May 19, 2016 Order Denying Defendant's Motion for Summary Judgment, this Court fully considered Doe's copyright misuse defense, including an analysis of Doe's claim that his infringement was *de minimis*. Dkt. 56 at 8-17. Following its thorough analysis, this Court found that "even if the Sixth Circuit clearly recognized the defense of copyright misuse, defendant has not met his burden." Dkt. 56 at 19; *see also* Dkt. 56 at 27-28 ("Defendant's attempt to apply a 'copyright misuse' defense is also unavailing"). Under the law of the case doctrine, this Court's rejection of the copyright misuse defense is dispositive. *Westside Mothers,* 454 F.3d at 538.

### 3.    As a Matter of Law, Doe Infringed Team's Copyright

Doe does not deny that he posted for public consumption the entirety of Team's copyright-protected Work.  Although Doe attempted to assert the defenses of fair use and copyright misuse, these defenses have been conclusively rejected. Dkt. 56; *Westside Mothers, supra*.  Accordingly, no genuine issues of material fact remain as to Team's claim for copyright infringement, and Team is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Fed. R. Civ. P. 56(f).

### B.    Team is Entitled to Injunctive Relief

Permanent injunctions are expressly authorized by the Copyright Act. 17 USC §§502, 503.  In the Sixth Circuit, permanent injunctions are granted upon a showing of past infringement and a substantial likelihood of future infringement. *Bridgeport Music, Inc. v. Justin Combs Publishing*, 507 F3d 470, 492 (6th Cir. 2007).  Courts have held that behavior indicating a willful disregard of copyrights is a sufficient basis for awarding a permanent injunction.  See e.g., *Broadster. Music, Inc. v. Diamond Investments, Inc.*, 2013 WL 1681151 (S.D. Ind. April 17, 2013); *Hanley-Wood LLC v. Hanley Wood LLC*, 783 F. Supp. 2d 147, 152 (D.D.C. 2011); *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 544 (E.D. Pa. 2008); *Paramount Pictures Corp. v. Hopkins*, No. 507-CV-593 FJS/GJD, 2008 WL 314541, at *3 (N.D.N.Y. Feb. 4, 2008).

As established in discovery, Doe has a vehement, admitted, and continuing animus toward Team.  Dkt. 54-18; Dkt. 54-3, Doe Tr. at 108-109.  Doe's stated purpose in operating the Amthrax Blog is to drive members away from Team and LIFE.  Dkt. 54-3, Doe Tr. at 157.  Doe does not deny that his attacks on Team and Woodward serve to benefit Team's competitors.  Dkt. 54-3, Doe Tr. at 102-103.  Further, Doe testified that he does not care what damage he did to Team by posting the copyright-protected Work on his website for anyone to obtain. Dkt. 54-3, Doe Tr. at 130-132.  This Court recognized that Doe's public posting of the Work is but one act in a pattern of copying and distributing, without permission, a variety of internal documents from LIFE and Team, including entire pages from the LIFE Internet site (that clearly bear copyright notices).  Dkt. 56 at pp. 4-5; Dkt. 54-24; Dkt. 54-3, Doe Tr. at 204-205, 213-214.

Doe's actions demonstrate that his infringement was willful and provide a reasonable basis for concern that Doe will continue his infringing activities.  For example:  (a) Doe affirmatively concealed from Team and LIFE any means for them to determine the source and method by which he more recently obtained other copyrighted documents, Dkt. 54-26, 54-27 and 54-28; Dkt. 54-3, Doe Tr. at 207-211, 214; (b) Doe reproduced and posted wholesale digital copies of the Work while taking affirmative steps to conceal himself as the source, Dkt. 54-3, Doe Tr. at 18-19, 24; Dkt. 54-6; Dkt. 54-9; Dkt. 4, Answer, ¶¶ 23-24; (c) Doe failed to

remove the Work immediately upon receiving the DMCA take-down notice, Dkt. 4, *Answer* at ¶¶ 16, 19; (d) Doe attempted to circumvent the original DMCA take-down notice by linking to the Work at a secondary location, Dkt. 54-3, Doe Tr. at 17-19; (e) Doe failed to track downloads of the Work from his site to determine who might have illicit copies of the Work, Dkt. 54-3, Doe Tr. at 129-132; (f) Doe used 279 undated and unorganized IP addresses for his blog, Dkt. 4, Answer, ¶24; (g) Doe's stated purpose in operating the Amthrax Blog is to drive members away from Team and LIFE, Dkt. 54-3, Doe Tr. at 157; Dkt 54-6; and (h) Doe lacked any remorse regarding the cost of his infringement, Dkt. 54-3, Doe Tr. at 190.

Doe further demonstrates his predilections in his reconsideration motion, in which he vehemently requests this Court to reconsider its *inclination* to require destruction of the Works in his possession.  Doc. No. 57.  Doe devotes the bulk of his argument to articulating a litany of reasons why he should be permitted to retain copies of the Work.  But Doe's adamant obsession with keeping copies of the Work belies his assertion that he does not intend to re-post the Work; to the contrary, it demonstrates that he is not humbled by the Court's infringement ruling, that he is not remorseful, and that he is not willing to do whatever is necessary to assure the parties and the Court that his infringing tendencies have been reformed. Indeed, far from being contrite, Doe is openly defiant, arrogant, and brash.

The fact that Doe insists on retaining copies of the Work is important under *ABKCO Music, Inc. v. Washington*, No. 11-10763, 2011 WL 4953078 (E.D. Mich. Oct. 18, 2011).  In that case, the defendant argued that an injunction should be denied because the infringing advertisement was removed and so the issue was "moot."   The Court disagreed in large part because "given the nature of the infringement, specifically a third parties' [sic] ability to easily reproduce or redistribute a video that is posted on a website, there is a substantial likelihood of future infringement … ."  *Id.* at *12.  The ease of further copying by third parties greatly increases the harm to the copyright owner.

The facts here are analogous to *ABKCO Music*.  Once Doe posted the entire Work on the Internet, it could be copied, linked, and distributed by anyone.  Doe's removal of the Work does not prevent the harm of the initial accessibility.  Like *ABKCO Music*, given the nature of the infringement, specifically the ability of third parties to easily reproduce or redistribute the video, there is a substantial likelihood of future infringement and a likelihood of substantial harm to Team should it occur.  By insisting on retaining copies of the Work, Doe clearly signals his continuing designs with regard to Life's copyright-protected materials.

There is no dispute that Doe has animus toward Team, a willful disregard for Team's intellectual property rights, and a goal of inflicting economic harm on Team, LIFE and Woodward.  Doe's pattern of posting Team's copyrighted

materials on his website and vehement opposition to any requirement that he destroy all copies of the Work in his possession, in conjunction with the other facts recited above, evidence a substantial likelihood of future infringement. *Bridgeport Music*, 507 F3d at 492. Under such circumstances, the requirements for injunctive relief have been satisfied.

### C. The Injunction Should Specifically Issue Against Doe in his True Name so (1) the Seriousness of the Order will be Impressed Upon Doe, and (2) Team Can Monitor and Enforce Doe's Compliance

Ordering injunctive relief without naming the defendant contravenes a "general rule [that] federal courts do not favor the naming of 'John Doe' Defendants." *Joel v. Various John Does*, 499 F. Supp. 791, 792 (E.D. Wis. 1980) (citations omitted) (noting that "[a] court does not have the power to enjoin the behavior of the world at large"). While courts will enter injunctions against "John Doe" defendants, these courts only do so where the defendants are truly unknown. *See id.*; *see also Microsoft Corp. v. John Does 1-8*, No. 1:14-CV-811, 2015 WL 4937441, at *1 (E.D. Va. Aug. 17, 2015); *Dama S.p.A v. John Does 1-35*, 113 F. Supp. 3d 686, 689 (S.D.N.Y. June 24, 2015). Here, Doe's identity is known. There is no valid basis for protecting the identity of a known infringer such as Doe.

It is axiomatic that a judgment in an *in personam* action is meant to bind the parties to the court's order. Ordering injunctive relief against Doe without identifying him only serves to minimize the effect of the Court's order, downplay

its significance to Doe, encourage future misconduct, and hinder Team's ability to monitor compliance.

In its November 4, 2015 Order, this Court indicated that the analysis of whether Doe's true identity should be revealed requires "a balancing between the merits of the plaintiff's claim or the need for information, compared with the rights of the defendant to speak anonymously." Dkt. 48 at 14-15. At that time, the Court acknowledged that Doe's identity deserved protection only due to "the possibility that [he] would ultimately prevail on his fair-use defense." *Id.* at 27. The Court further indicated that "Doe's identity *will be revealed* in the Court's judgment and grant of relief." *Id.* (emphasis added).

In its May 19, 2016 Opinion and Order, this Court reiterated that the proper analysis involves "a balancing between the merits of the plaintiff's claim or the need for information, compared with the rights of the defendant to speak anonymously." Dkt. 54 at 26. Now that Doe's affirmative defenses have failed as a matter of law, and this Action is at the point of final judgment, the "balance" test indisputably tips toward disclosure of Doe's true identity.

Even if the Court had not already indicated that Doe's identity would be revealed at final judgment, a First Amendment right to anonymity does not apply to an adjudicated copyright infringer who can no longer claim a fair use defense. Courts have routinely found that any First Amendment right to anonymity must

give way to meritorious copyright infringement claims. *First Time Videos, LLC v. Doe*, 276 F.R.D. 241, 248 (N.D. Ill. 2011); *Arista Records LLC v. Doe*, 551 F. Supp. 2d 1, 8-9 (D.D.C. 2008); *Vision Films Inc. v. Does 1-41,* No. 3:13-CV-128, 2013 WL 5943941 (E.D. Tenn. Nov. 5, 2013).   "Not surprisingly, courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights." *Arista Records*, 551 F. Supp. 2d at 8-9.  Numerous courts have confirmed that First Amendment protections are not absolute and do not extend to copyright infringement.   *Hard Drive Prods. v. Does 1-1,495*, 892 F. Supp. 2d 334, 338 (D.D.C. 2012); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 348-49 (D.D.C. 2011) ("Copyright infringement is not protected by the First Amendment."); *Sony Music Entm't Inc. v. Does 1 - 40*, 326 F. Supp. 2d 556, 562-63 (S.D.N.Y. 2004); see also *Harper & Row Publishers, Inc. v. Nation Enters*., 471 U.S. 539, 555-57, 569, 105 S. Ct. 2218, 85 L. Ed. 2d 588 (1985).

While the Court determined that it would be unnecessary to pierce Doe's anonymity in the discovery phase, the Court also indicated that any such protection would end once infringement has been determined and the necessary relief ordered.  Dkt. 48 at 27 ("Doe's identity will be revealed in the Court's judgment and grant of relief").  Now that the merit of Team's copyright infringement claim has been conclusively established, and Doe, as a copyright infringer, has forfeited

the right to speak anonymously, the balancing test adopted by this Court indisputably dictates that Doe's true identity be revealed.

The Court has noted Doe's "sworn testimony that he will not engage in future infringement with respect to the Work." (Docket no. 56 at 27.) However, the Court cannot ignore Doe's admission that he would have been less inclined to infringe if he was posting under his real name. **Exhibit 5**, Doe Dep. Tr. at 194-195. Additional undisputed facts further belie Doe's expedient representation that he will not engage in further infringement, including the fact that: Doe failed to remove the work immediately upon receiving the DMCA take-down notice, Dkt. 4, *Answer* at ¶¶16, 19; he attempted to circumvent the original DMCA take-down notice by linking to the Work at a secondary location, Dkt. 54-3, Doe Tr. at 17-19; he failed to track downloads of the Work from his blog, Dkt. 54-3, Doe Tr. at 129-132; he used 279 IP addresses, Dkt. 4, *Answer* ¶ 24; and he lacked remorse regarding the cost of his infringement, Dkt. 54-3, Doe Tr. at 190.

In assessing Doe's true intentions, this Court should look to Doe's final word on the subject, in which Doe vehemently resists this Court's s proposal for a simple injunction requiring Doe to destroy copies of the Work in his possession. In insisting on his right to retain the copyright-protected Work, Doe harshly chides this Court for considering a modest, limited and prudent injunction order. *See* Doe's Motion for Reconsideration, Dkt. 57 at 6-7 ("[T]he Court's tentative

determination that it is appropriate to issue the proposed destruction order is based on a misapprehension of certain facts and a failure to consider certain legal principles").

As set forth above and as recognized by this Court, there is no question that Doe engaged in copyright infringement while masking his true identity.  Having determined that Doe infringed Team's copyright and that Doe's "fair use" and "copyright misuse" defenses must fail as a matter of law, the rationale for maintaining Doe's anonymity dissolves.  Even under the most exacting standard, Doe forfeited any right to anonymity when he violated U.S. Copyright law and made Team's copyright-protected Work available to the public on the Internet. Like any other defendant against whom a judgment is entered, Doe has no practical or theoretical basis for maintaining his anonymity.

Doe has undertaken various means to prevent detection of his copyright infringement activities, including hiding tracking data in electronic documents, using hundreds of different IP addresses, and going to great lengths to hide his identity.  Even after having been adjudicated a copyright infringer, Doe insists that he should be permitted to retain certain copies of the Work he infringed, yet Doe admits that infringement is more likely if he is able to post anonymously.  Doe will be emboldened in his defiance if the order of relief is not entered in Doe's real name.  In addition, Team would be unable to monitor Doe's compliance with the

injunction if he remains anonymous.  For all of the above reasons, the Court's injunction should be issued against Doe in his given name.

## <u>CONCLUSION</u>

For the foregoing reasons, Team respectfully requests that summary judgment be granted on its claim that Doe infringed Team's copyright by publicly posting the Work on the Internet.  Plaintiff further requests that the Court issue an injunction against Defendant using his true identity, ordering him to destroy all copies of the Work he has retained and enjoining all infringing activities.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**

By:  */s/Michael A. Sneyd*
     Joanne Geha Swanson (P33594)
     Michael A. Sneyd (P52073)
Attorneys for Plaintiff
500 Woodward Avenue, Suite 2500
Detroit, MI  48226
(313) 961-0200
jswanson@kerr-russell.com
Dated:  June 28, 2016    msneyd@kerr-russell.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2016, I electronically filed the foregoing paper *under seal* with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record.

**KERR, RUSSELL AND WEBER, PLC**

By: */s/Michael A. Sneyd*
    Joanne Geha Swanson (P33594)
    Michael A. Sneyd (P39386)
Attorneys for Plaintiff
500 Woodward Avenue, Suite 2500
Detroit, MI  48226
(313) 961-0200
jswanson@kerr-russell.com
Dated:  June 28, 2016    msneyd@kerr-russell.com